E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5514-GHK (MANx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | John S. Laviolette v. Reliastar Life Insurance Co. | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:** (In Chambers) Order Remanding Action

On July 23, 2008, Plaintiff John S. Laviolette, ("Plaintiff") filed the above-captioned Complaint in California state court. On August 21, 2008, Defendant Reliastar Life Insurance Co. ("Defendant") filed a Notice of Removal in this Court. On October 23, 2008, we issued an Order to Show Cause ("OSC"), directing Defendant to show cause why this matter should not be remanded to state court because we lack subject matter jurisdiction. On November 4, 2008, Defendant responded to the OSC. As the parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows:

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, the nerve center test is only used "when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities."

E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5514-GHK (MANx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | John S. Laviolette v. Reliastar Life Insurance Co. | | |

*Id.* at 1092.  Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities.  *Id.* at 1094.  "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business.  *Tosco Corp.*, 236 F.3d at 500.  The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity.  In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.[1]

In response to the OSC, Defendant states that it is incorporated in Minnesota, and that its business does not substantially predominate in any one state under the place of operations test. However, Defendant states that, as to its income and points of public contact, it has more licensed brokers/agents in California (10,223 agents/brokers, compared to Illinois, the next highest, at 7,905), has the highest percentage of premiums collected in California (13.03% of all premiums, compared to Florida, the next highest, at 9.1%), and, most importantly, the highest number of life insurance claims submitted in California, (2,190 claims, compared to Washington, the next highest, at 1,488). Comparatively, California has 29% more agents/brokers,  43% more premiums collected, and 47% more life insurance claims submitted than the second highest state respectively.  Therefore, we conclude that, under the place of operations test, Defendant is a California citizen for purposes of determining diversity jurisdiction.

Because both Plaintiff and Defendant are citizens of California for purposes of determining diversity jurisdiction, this action is hereby **REMANDED** to the state court from whence it was removed.

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |

---

[1]We reject Defendant's attempt to use a per capita calculation to determine substantial predominance.  A *per capita* percentage is a skewed showing of the actual amount of contact that a business has with the public.  The population of a state does not diminish the amount of contact that Defendant has with that state or its visibility to the public.